IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN LIQUIDS TERMINALS, LLC § § | | |
| Plaintiff, § | | |
| § | C.A. NO. _____ | |
| vs. § | | |
| § | ADMIRALTY – Rule 9(h) | |
| GOLDING BARGE LINE, INC. and the § M/V SOPHIA GOLDING, her engines, § tackle, gear, appurtenances etc., *in rem*, § Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Kinder Morgan Liquids Terminals, LLC (hereinafter referred to as "Plaintiff" or "Kinder Morgan") to file this Original Complaint against Golding Barge Line, Inc. and the M/V SOPHIA GOLDING, *in rem*, (collectively referred to as "Defendants"). Plaintiff respectfully shows as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### II. PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of Delaware, with its principal office located at 1001 Louisiana St., Suite 1000, Houston, Texas 77002.

1

4. Defendant Golding Barge Line, Inc. (hereinafter "Golding") is a corporation that is incorporated under the laws of the State of Mississippi, whose principal office is located at 101 Lee Street, Vicksburg, MS 39180. Golding does not have a registered agent for service of process in the State of Texas. Service of process on Golding may be made according to the laws of the State of Texas by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as agent for service because Golding engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Golding's business in Texas. Upon information and belief, Golding owned the M/V SOPHIA GOLDING at all relevant times.

5. The M/V SOPHIA GOLDING, her engines, machinery, tackle, and appurtenances, etc., *in rem*, (hereinafter, "The Vessel") is and was at all times material to this lawsuit a U.S. flagged towboat owned and operated by Golding.

### III. FACTS

6. At all times relevant to this lawsuit, Kinder Morgan owned the Galena Park Terminal located along the Houston Ship Channel. On or about May 6, 2014, The Vessel was maneuvering at Ship Dock #2 at Kinder Morgan's Galena Park Terminal. While maneuvering, The Vessel allided with the Ship Dock #2, causing damage to the dock. Nothing Kinder Morgan did and/or did not do caused the damages to Ship Dock #2. Only the actions and/or inactions on the part of Defendants caused the harm suffered by Kinder Morgan.

7. Kinder Morgan now files this action for the damages to Ship Dock #2 at the Kinder Morgan Galena Park Terminal.

### IV.  FIRST CAUSE OF ACTION: NEGLIGENCE

8. At the time of the allision on May 6, 2014, Golding was negligently operating The Vessel.  Golding had a duty to exercise ordinary care and operate The Vessel reasonably and prudently.  Golding breached that duty in one or more of the following ways:

- The Vessel was not manned with a competent captain and crew;
- The Vessel, her master and crew failed to keep a proper lookout;
- The captain and crew were negligently and incompetently navigating and maneuvering The Vessel;
- The Vessel's captain and/or crew were not properly trained;
- The Vessel's captain and/or crew were not properly supervised;
- Golding's company policies and procedures were below standard and/or not followed by the crew members;
- Golding failed to properly formulate safety policies;
- The Vessel lacked proper manuals and/or instructions;
- The Vessel owner did not properly train the crew in the operation and capacities of The Vessel and its navigational equipment; and
- The master and crew were inexperienced, which inexperience is imputed to The Vessel owner.

### V.  SECOND CAUSE OF ACTION: UNSEAWORTHINESS

9. On May 6, 2014, The Vessel was unseaworthy and as a result, caused the damage to Kinder Morgan's Ship Dock #2.  Golding warranted that The Vessel was seaworthy and fit for the work to be done by it and further that the crew would be qualified to perform workmanlike services.  The Vessel was unseaworthy in the following respects:

- The Vessel was not manned with a competent captain and crew;

- The Vessel, her master and crew failed to keep a proper lookout;

- The captain and crew were negligently and incompetently navigating and maneuvering The Vessel;

- The Vessel's captain and/or crew were not properly trained;

- The Vessel's captain and/or crew were not properly supervised;

- Golding's company policies and procedures were below standard and/or not followed by the crew members;

- Golding failed to properly formulate safety policies;

- The Vessel lacked proper manuals and/or instructions;

- The Vessel owner did not properly train the crew in the operation and capacities of The Vessel and its navigational equipment; and

- The master and crew were inexperienced, which inexperience is imputed to The Vessel owner.

## VI. DAMAGES

10. As direct and proximate a result of Defendants' negligence and the unseaworthiness of The Vessel, Kinder Morgan has sustained actual damages in an amount no less than One Million One Hundred Forty-Four Thousand Dollars ($1,144,000.00). In addition to these damages, Kinder Morgan also seeks recovery from the Defendants of all pre- and post-judgment interest, costs of court, and reasonable attorneys' fees.

## VII. PRAYER

11. For these reasons, Plaintiff Kinder Morgan asks that judgment be entered against Golding Barge Line, Inc. and the M/V SOPHIA GOLDING, *in rem*, for Plaintiff's actual damages, along with both pre-judgment and post-judgment interest, attorneys' fees and costs of court. Plaintiff also respectfully requests that it be awarded such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

**FOWLER RODRIGUEZ**

*/s/ Timothy W. Strickland*
Timothy W. Strickland
Texas Bar No. 19396298
S.D. Tex. ID No. 13820
strick@frfirm.com
Mary Holmesly
Texas Bar No. 24057907
S.D. Tex. ID No. 890192
mholmesly@frfirm.com
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010
Tel:    713-654-1560
Fax:   713-654-7930

*Attorneys for Plaintiff,*
*Kinder Morgan Liquids Terminals, LLC*

OF COUNSEL:

FOWLER RODRIGUEZ